UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HORACE COLEMAN,<br>  Petitioner,<br> v.<br>GARY SWARTHOUT, warden,<br>  Respondent. | No. C 14-590 SI (pr)<br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Wendell Horace Coleman filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court reviewed his petition, he filed an amended petition, which is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Following a jury trial in Alameda County Superior Court, Coleman was convicted of murder, attempted murder, being a convicted felon in possession of a firearm, and discharging a firearm from a motor vehicle, and sentence enhancement allegations were found true. On January 14, 2010, Coleman was sentenced to 36 years and four months to life in prison. *See People v. Coleman*, Cal. Ct. App. Case No. A130687 (opinion filed August 30, 2012).

Coleman appealed. The California Court of Appeal reversed the sentence for the conviction of shooting a firearm from a motor vehicle and otherwise affirmed the judgment of conviction. *See id.* at 8. The California Supreme Court denied his petition for review on November 14, 2012. *See People v. Coleman*, Cal. S. Ct. No. S205911.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition alleges three claims. All three claims have problems that make it necessary for Coleman to file a second amended petition.

The first claim in the amended petition is that Coleman's right to due process was violated when the trial court imposed a separate punishment on the illegal firearm possession conviction. Coleman has not provided enough information for the court to evaluate the claim because he does not explain why the trial court could not separately punish him for possession of a firearm. In his second amended petition, Coleman must explain how the sentence on the firearm possession violated his federal right to due process.[1] (Coleman should consider attaching a copy of his state court appellate brief to his second amended petition. The arguments made by counsel on appeal often explain the federal constitutional claim adequately for the federal court to understand it.)

The second claim in the amended petition states: "The U.S. District Court must review a trial court error by granting a motion that was highly prejudicial to the petitioner. This court

---

[1] The California Court of Appeal rejected Coleman's state law claim of impermissible multiple punishments for murder and possession of a firearm by a felon. *See People v. Coleman*, Cal. Ct. App. Case No. A130687 (opinion filed August 30, 2012). That court's decision did not discuss the federal constitutional claim regarding the alleged multiple punishments. This court can only consider claims for violations of a habeas petitioner's rights under the constitution, laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), and cannot consider claims for violations of state law.

2

should review the important questions of law when it is error to a defendant's prejudice by granting a motion to include an erroneous jury finding and by defense counsel being ineffective in his assistance in this issue and defendant's defense." Docket # 5 at 6.  The court does not understand this claim and therefore requires Coleman to amend it.  A habeas petitioner must "specify all the grounds for relief available to [him]" and "state the facts supporting each ground."  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same).  A primary purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted.  *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253).  Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.  *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

The third claim in the amended petition is that there was "insufficient evidence to support a jury verdict of guilty trial court error of granting Peopl's motion and IAC claim." *Id.* (errors in source).  The court does not understand this claim and therefore requires Coleman to amend it.  Indeed, the court cannot be certain whether this is intended to be one claim or a group of claims, as it mentions several separate areas of concern (i.e., the sufficiency of the evidence to support an unidentified conviction, an erroneous granting of an unidentified motion, and an ineffective assistance of counsel issue).  Coleman will be given leave to amend to file a second amended petition that identifies the federal constitutional provision(s) allegedly violated and describes the facts showing each such violation.

## CONCLUSION

The amended petition for writ of habeas corpus is dismissed with leave to amend.  Coleman must file a second amended petition in which he (a) states every claim for federal habeas relief he wants this court to consider and (b) describes the facts that support each claim.

3

In preparing his second amended petition, Coleman should bear in mind that this court cannot consider a claim unless state court remedies have been exhausted for that claim. The exhaustion requirement means that he must present each and every claim to the California Supreme Court in a petition for review or in a habeas petition to give that court a fair opportunity to rule on the merits of it before this court can consider the claim. Coleman must file a second amended petition no later than **May 30, 2014**. The second amended petition should have this case caption and case number on the first page and should be clearly marked "Second Amended Petition." Failure to file the second amended petition by the deadline will result in the dismissal of this action.

Coleman's *in forma pauperis* application is deficient because he has not filed the required certified copy of his inmate trust account statement with that application. He sent a letter suggesting that prison officials require that he pay three dollars to obtain the trust account statement. *See* Docket # 8 at 7. No later than **May 30, 2014**, Coleman must file a copy of the document he claims he received from prison officials that required him to pay three dollars to obtain the trust account statement. Failure to file that document (or instead to pay the $5.00 filing fee or to file a certified copy of the inmate trust account statement) will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: April 16, 2014

SUSAN ILLSTON
United States District Judge